UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD R. HEURLIN and       :
TANYA E. HEURLIN,           :
                            :      CIVIL ACTION NO. **3:CV-11-0770**
                            :
        Plaintiffs,         :
                            :
    v.                      :      Magistrate Judge Blewitt
                            :
STEVEN YANKOWSKI, ind. and t/a  :
THORNHURST PROPERTIES, LLC, *et al.,*  :
                            :
    Defendants

**MEMORANDUM AND ORDER**

**I. Background**.

Plaintiffs Ronald R. Heurlin and Tanya, E. Heurlin, ("Plaintiffs") filed this action on April 22, 2011, against the following Defendants: Steven Yankowski, individually and trading as: Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Cole Alexander Financial, Ltd., and Airport Office Complex, Inc. (Doc. 1).[1]

After being served, several Defendants filed Motions to Dismiss the original Complaint. (Docs. 5, 7, and 8).  Plaintiffs then filed an Amended Complaint on June 3, 2011, which named the following Defendants: Steven Yankowski, individually and trading as: Thornhurst Properties, LLC, Premier Equity Management Services, Inc., Premier Equity Scranton, LLC, Cole Alexander Financial, Ltd., Airport Office Complex, Inc., Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC. (Doc. 13).

---

[1]Plaintiffs Ronald R. Heurlin and Tanya E. Heurlin indicate that they were formerly married and that they are now divorced.  (Doc. 13, p. 4).

On June 15, 2011, the Court issued an Order and denied as moot the Docs. 5, 7 and 8 Motions to Dismiss the original Complaint. (Doc. 16).

Also, on June 15, 2011, Defendant Airport Office Complex, Inc., filed a Motion to Dismiss the Amended Complaint. (Doc. 15). On June 24, 2011, Defendant Cole Alexander Financial, Ltd., filed a Motion to Dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b) or, in the alternative, for a More Definite Statement pursuant to Fed.R.Civ.P. 12(e). **(Doc. 18)**. Further, on June 24, 2011, Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC, jointly filed a Motion to Dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b) or, in the alternative, for a More Definite Statement pursuant to Fed.R.Civ.P. 12(e), with an attached Exhibit 1, namely, the February 4, 2009 Modification of Outstanding Mortgages and Interest executed by Plaintiffs and Defendant Yankowski. **(Doc. 19)**.

The three stated Motions to Dismiss Plaintiffs' Amended Complaint were briefed by the parties. (Docs. 20, 21, 22, 23, 24 and 25). None of the moving Defendants filed a reply brief.

On July 25, 2011, the parties consented to the jurisdiction of the undersigned Magistrate Judge for all matters, including trial, pursuant to 28 U.S.C. §636(c). (Doc. 27).

On August 9, 2011, Defendant Airport Office Complex, Inc., filed a voluntary Bankruptcy Petition under Chapter 11 of the U.S. Bankruptcy Code, pursuant to 11 USC §1101, *et seq.* *See* 5:11-bk-05550, M.D. Pa. Also, on August 9, 2011, Defendant Airport Office Complex, Inc., filed, in the instant action, a Suggestion of Bankruptcy. (Doc. 28). Following a telephone status conference between the Court and all counsel, the Court issued an Order on August 22, 2011, and

2

administratively closed this case due to the automatic stay provision of the Bankruptcy Code which went into effect with the August 9, 2011 Bankruptcy Petition filed by Defendant Airport Office Complex, Inc. (Doc. 31). Subsequently, on September 28, 2011, Plaintiffs filed a Notice of Voluntary Dismissal of Defendant Airport Office Complex, Inc. (Doc. 32). Defendant Airport Office Complex, Inc. was then dismissed from this case without prejudice.

The Court then re-opened this case on September 28, 2011. The Doc. 15 Motion to Dismiss the Amended Complaint filed by Defendant Airport Office Complex, Inc., was deemed moot.

The Docs. 18 and 19 Motions of the stated Defendants are now ripe for disposition.[2]

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332. (Doc. 13, p. 2).[3]

## II. Allegations of Amended Complaint.

Plaintiffs filed this action to recover over $5,000,000 they allegedly loaned to Defendants over several dates and in various amounts commencing in February 2004. Plaintiffs aver that they made the loans to Defendant Yankowski and to Defendant companies so that Yankowski could purchase and develop real estate in the Scranton, Pennsylvania, area for resale. Plaintiffs allege that Defendant Yankowski formed the Defendant companies "ostensibly to acquire and develop real

---

[2]There are two other cases pending with this Court which are related to the instant case, namely, *Caldwell Trust Company v. Yankowski, et al.*, Civil No. 11-0717, M.D. Pa. and *Yankowski v. Heurlin, et al.*, Civil No. 11-0774, M.D. Pa. In all three related cases, the parties have consented to the undersigned's jurisdiction for all matters.

[3]Plaintiffs are citizens of Florida, Defendant Yankowski is a resident of Pennsylvania, and the corporate Defendants are Pennsylvania companies. (Doc. 13, pp. 2-3).

estate with the loans [they made]."  (*Id.*, p. 5).

Plaintiffs allege that Defendants have failed and refused to repay these loans to them. Plaintiffs also allege that "Defendant Yankowski induced [them] into making and later modifying the loans through false and fraudulent representations regarding the use of the proceeds from the loans, the priority of the mortgages securing the loans and values of the properties that were subject to the mortgages."  (*Id.*, p. 4).

Specifically, Plaintiffs allege:

18. The Heurlins and Yankowski agreed that the loans would be secured by mortgages on properties that Yankowski already owned or would purchase, either individually or through the Companies.

19. Beginning in or about February 2004 the Heurlins began making loans  to Yankowski and the Companies.

20. During the period February 2004 to August 2008 the Heurlins made loans to Yankowski and the Companies in excess of Five Million dollars (the "Loans"). These Loans were made in various amounts and at various times.

(*Id.*, p. 5).

Further, Plaintiffs allege:

22. While the Heurlins were knowledgeable regarding real estate values in Florida and Nantucket, they did not have any knowledge of real estate values in Northeastern Pennsylvania. The Heurlins relied on Yankowski's representations as to the values of the properties securing the Loans. Specifically, Yankowski represented to the Heurlins that the amount of their loans would be no greater than eighty percent of the value of the property or properties securing those loans.

23. Yankowski also represented to the Heurlins that the mortgages securing the Loans would have a first priority lien position. In fact, in many instances Yankowski delayed recordation of the Heurlin mortgages, borrowing funds from third parties and giving those third parties a mortgage to secure those loans on the same properties he and/or the Companies had mortgaged previously to

4

the Heurlins. As a result, the Heurlins' mortgages did not receive a first priority position on many of the properties securing the Loans.

24. Yankowski and his attorney were responsible for recording the mortgages securing the Loans.

25. The mortgages securing the Loans included the name of the Borrower, the amount of the loan and the terms of repayment. The Loans were interest only with the entire amount of the principal due on a date certain. The terms of the Loans also were set forth in a corresponding promissory note. The Heurlins are in possession of originals or copies of some of these notes but others are believed to be in Yankowski's possession.

26. From time to time during the course of their business relationship Yankowski would ask the Heurlins to modify the Loans by substituting collateral, extending the time for repayment, lowering the interest rate and/or rolling one loan into another with either the same or a different borrower. In each instance Yankowski represented to the Heurlins that they were being afforded either equal or greater security for the loan.

(*Id.*, pp. 6-7).

Plaintiffs also allege that Defendant Yankowski induced him to extinguish over $2,000,000 in debt for townhouses to be built by his company called T.R.S. Developers, LLC.  (*Id.*, pp. 7-9).

Plaintiffs aver that in October 2008, Defendant Yankowski and the Defendant companies started to fall behind on the interest payments due to them under the loans, and that Defendants later failed to make principal payments on the loans when they became due.  (*Id.*, p. 9).  Plaintiffs allege that as of the date of their amended pleading, all of the loans they gave Defendants are due and owing in full and that the total principal amount due of $5,448,499, plus interest.  (*Id.*).[4]

---

[4]Since Plaintiffs, in their Amended Complaint, itemized the amounts allegedly loaned and due and owing to them by the respective Defendants, we do not repeat these claims herein.  (Doc. 13, pp. 10-11).

Plaintiffs also allege that on February 4, 2009, Defendant Yankowski induced them to modify the terms of the loans and threatened filing bankruptcy if they did not agree to a modification. (*Id.*, p. 11). Plaintiffs admit that on February 4, 2009, they executed, along with Defendant Yankowski, a Modification of Outstanding Mortgages and Interest ("Modification Agreement"). (*See* Doc. 19, attached Exhibit 1). With respect to the Modification Agreement, Plaintiffs allege as follows:

> 42. As of the date of the Modification Agreement the Heurlins still believed that the mortgages securing Yankowski and the Companies' obligations provided them with a first priority lien position on the properties subject to those mortgages and that the value of the properties subject to those mortgages exceeded the amount of the mortgages. Yankowski did not lead them to believe otherwise. Had the Heurlins known that the mortgages on the Properties far exceeded their value and that various mortgages did not provide them with a first lien on the properties they would not have agreed to the modification.

> 43. Yankowski breached the Modification Agreement by failing to make the interest payments required thereunder according to its terms.

> 44. The Modification Agreement is null and void because it was procured through Yankowski's misrepresentations as set forth above.

> 45. The Modification Agreement is null and void for lack and failure of consideration.

> 46. The Modification Agreement is null and void because it was procured through duress.

(*Id.*, pp. 12-13).

In Count I of their Amended Complaint, Plaintiffs raise a breach of contract claim against Defendant Yankowski and all of the Defendant companies. Plaintiffs allege that all Defendants breached their agreements with them (Heurlins) by failing to repay the loans according to their terms. (*Id.*, p. 13).

In their Alternative Count I, Plaintiffs raise an unjust enrichment claim against Defendant Yankowski and all of the Defendant companies.  Plaintiffs allege that Defendant Yankowski and all of the Defendant companies "have been unjustly enriched at the Heurlin's expense by the amount of the funds and property that the Heurlins transferred to or otherwise made available to [Defendants], in the amount of $5,448,499, plus interest."  (*Id.*, pp. 13-14).

In Count II, Plaintiffs assert a fraud claim only against Defendant Yankowski.  (*Id.*, pp. 14-16). Plaintiffs basically allege that Defendant Yankowski made "false and fraudulent representations to them with the intent and for the sole purpose of inducing the Heurlins into making the loans to him and/or [to the Defendant companies]."  (*Id.*, p. 15).[5]

As their final count, Count III,  Plaintiffs request a Declaratory Judgment against Defendant Yankowski, pursuant to 28 U.S.C. §2201, *et seq.*, seeking the Court to declare that the Modification Agreement is null and void, and of no legal consequence or effect.  (*Id.*, pp. 17-18).

As relief, Plaintiffs request declaratory judgment as well as compensatory and punitive damages.  (*Id.*, pp. 18-19).

Presently before the Court are Defendants' Motions to Dismiss. **(Docs. 18 and 19).**  The Motions are ripe for disposition.

### III.  Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

---

[5]Since Plaintiffs, in their Amended Complaint, detail the alleged false and fraudulent representations Defendant Yankowski made to them, we do not repeat these allegations herein. (Doc. 13, pp. 14-16).

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

8

*See also Bariski v. Reassure America Life Ins. Co.,* 2010 WL 2835656, *2 (M.D. Pa. 7-16-10).[6]

Recently, in *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam), the Third Circuit Court stated that a complaint must contain:

> "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

*See also Hollingsworth v. Range Resources-Appalachia, LLC,* Civil No. 09-0838, M.D. Pa., 10-28-09 Memorandum, slip op. pp. 4-5(Plaintiff must "describe 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' each necessary elements of the claims alleged in the complaints.")(citations omitted); *Santiago v. Warminster Tp.,* 629 F.3d 121, 133 (3d Cir. 2010).

---

[6]The Court can consider Defendants' exhibit, Modification Agreement, submitted with their Motion to Dismiss (Doc. 19, Ex. 1) for present purposes. *See Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993); *Kuniskas v. Walsh,* 2010 WL 1390870, *3 (M.D. Pa.). However, as the Court held in *Caldwell Trust Co. v. Yankowski,* Civil No. 11-0717, M.D. Pa., it is premature to decide whether the Modification Agreement bars the Heurlin Plaintiffs' claims in the present case and limits their remedies to those specified in the Agreement without discovery. Also, in their Amended Complaint, the Heurlin Plaintiffs seek declaratory judgment that the Modification Agreement is null and void due to alleged fraudulent misrepresentation of Defendant Yankowski.

In *Santiago v. Warminster Tp.*, 629 F.3d 121, 133 (3d Cir. 2010), the Court stated that "'possibility' is no longer the touchstone for pleading sufficiency after *Twombly* and *Iqbal*. Plausibility is what matters. Allegations that are 'merely consistent with a defendant's liability' or show the 'mere possibility of misconduct' are not enough. *Iqbal*, 129 S.Ct. at 1949–50 (internal quotation marks omitted)."[7]

## IV. Discussion.

> 1. *Motions to Dismiss for failure to state a claim upon which relief can be granted of Defendant Cole Alexander Financial, Ltd. (Doc. 18) and of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC (Doc. 19)*

Defendant Cole Alexander Financial, Ltd. ("Cole") and Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC argue that while Plaintiffs make allegations against Defendant Yankowski, they fail to allege facts against them other than their conclusory allegation that they were controlled by Yankowski. Thus, Defendants contend that Plaintiffs' Amended Complaint fails to state a cognizable claim against them.

Plaintiffs contend that their amended pleading contains sufficient factual allegations against all Defendants to show they stated cognizable claims against them. With respect to Defendant Cole, Plaintiffs point out that in their Amended Complaint, they specifically allege that Plaintiff Tanya Heurlin made a loan to Defendant Cole in the principal amount of $550,000 under a

---

[7]We note that the parties rely upon the correct motion to dismiss standard under *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*.

Balloon Note dated September 4, 2007.  (Doc. 13, pp. 9-10).  With respect to the other moving Defendants (Doc. 19), Plaintiffs point out that in their Amended Complaint, they specifically allege that they made  loans to them in various amounts and at different dates.  (Doc. 13, pp. 9-11).  The Court agrees with Plaintiffs except as to Defendant Thornhurst Properties, LLC.  Plaintiffs do not specifically aver that any loan was made to Defendant Thornhurst Properties, LLC, in their detailed averments dealing with the loans at issue.  (*Id*.).

Plaintiffs also state that they have alleged Defendant Yankowski, as well as all of the Defendant companies, which includes all moving Defendants, failed to make principal and interest payments on the specified loans as they became due, and that all of the loans are now due and owing.  Further, Plaintiffs state that in Count I of their Amended Complaint, they allege that Defendant Yankowski and all of the Defendant companies breached their agreements with them. Additionally, Plaintiffs indicate that in their Alternative Count I, they allege Defendant Yankowski and all of the Defendant companies were unjustly enriched in the amount of monies specified on pages 10-11  which they transferred to Defendants.

The Court agrees entirely with Plaintiffs and finds that they have stated cognizable claims against all moving Defendants, except for Defendant Thornhurst Properties, LLC, in Counts I and Alternative Count I contained in their Amended Complaint.  As such, the Court will deny the Rule 12(b)(6) Motion to Dismiss of Defendant Cole.  The Court will grant, in part, the Rule 12(b)(6) Motion of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC, with respect to only Defendant Thornhurst Properties, LLC.  The Court will deny

Defendants' Doc. 19 Motion as to the other moving Defendants.  The Court will dismiss with prejudice Defendant Thornhurst Properties, LLC, since Plaintiffs have already amended their Complaint and to allow them to amend again would be unduly prejudicial to Defendants as this case has been pending almost nine months.  If a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

2.       *Motions for a More Definite Statement of Defendant Cole Alexander Financial, Ltd. (Doc. 18) and of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC (Doc. 19)*

In the alternative, Defendant Cole moves for a more definite statement under Rule 12(e). Also, Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC filed an alternative  Motion for a More Definite Statement pursuant to Rule 12(e) in their Doc. 19 Motion.  As such, the Court considers both Rule 12(e) alternative Motions jointly.

Defendants are seeking the Court to compel Plaintiffs to cure their amended pleading which Defendants contend does not contain sufficient factual allegations for them to formulate responses, and which contains allegations that are too vague and ambiguous.  As discussed above, the Court finds that Plaintiffs' Amended Complaint specifically identifies numerous facts in support of the alleged contract obligations between Plaintiffs and all of the remaining Defendants, *i.e.*, except for Thornhurst Properties, LLC.

The parties agree upon the applicable standard with respect to Defendant Cole's alternative Rule 12(e) Motions.

Rule 12(e) of the Federal Rules of Civil Procedure states, in part, that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

As this is a case based upon diversity jurisdiction of this Court, 28 U.S.C. § 1332, the Court applies Pennsylvania law. *See Moore v. Kulicke & Soffa Industries, Inc.*, 318 F.3d 561, 563 (3d Cir. 2003). The Court agrees with Plaintiffs, as discussed above, and finds that Plaintiffs have more than sufficiently pled a breach of contract claim against Defendant Cole and against all moving Defendants in the Doc. 19 Motion except for Defendant Thornhurst Properties, LLC. "[C]ontract law protects the expectation interests of contracting parties based on a voluntary agreement that defines their relationship. Protection is limited to those individuals specifically named in the contract, and enforcement is based on the manifestation of the intent between the parties." *Hahn v. Atlantic Richfield Co.*, 625 F.2d 1095, 1104 (3d Cir. 1980).

"In order to plead a proper claim for breach of contract under Pennsylvania law, a plaintiff must allege: (1) the existence of a valid and binding contract to which he and the defendants were parties; (2) the contract's terms; (3) that he completed the contract's terms; (4) that the defendants breached a duty imposed by the contract; and (5) damages resulting from the breach." *Gundlach v. Reinsrien*, 924 F.Supp. 684, 688 (E.D. Pa. 1996). We agree with Plaintiffs that their amended pleading clearly meets the stated elements required for a breach of contract action under Pennsylvania law against the stated Defendants.

13

In *County of Dauphin, Pennsylvania, v. Fidelity and Deposit Company of Maryland*, 770 F. Supp. 248, 251 (M.D. Pa. 1991), this Court stated:

> Under Pennsylvania law, the interpretation of a contract requires an initial determination by the court of whether the contract language is ambiguous, or is clear and unambiguous. *Polish Amer. Machinery Corp. v. R.D. & D. Corp.*, 760 F.2d 507, 512 (3d Cir. 1985). If the language is ambiguous, the court must turn the interpretation of the contract over to the jury. If the language is clear, however, the court must interpret the agreement. *Id.* Contractual language is ambiguous when it is "reasonably susceptible of different construction, is obscure in meaning through indefiniteness of expression or has a double meaning." *Commonwealth, Dept. Of Trans. v. Mosites Constr. Co.*, 90 Pa.Commw. 33, 36, 494 A.2d 41, 43 (1985). A contract is not ambiguous by the mere fact that the parties disagree on the proper interpretation to be given the language. *Commonwealth State Highway & Br. Authority v. E.J. Albrecht Co.*, 59 Pa. Commw. 246, 251, 430 A.2d 328, 330 (1981).
>
> We are mindful of the fact that Pennsylvania courts apply the "plain meaning" rule of interpretation of contracts, an approach to contract interpretation that assumes that "the intent of the parties to a written contract is . . . embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement." *Steuart v. McChesney*, 498 Pa. 45, 48-49, 444 A.2d 659 (1982). This approach is found to "enhance the extent to which contracts may be relied upon by contributing to the security of belief that the final expression of *consensus ad idem* will not later be construed to import a meaning other than that clearly expressed." *Id.* at 52, 444 A.2d at 663.

In construing a contract to determine if it is ambiguous under Pennsylvania law, the court looks to the four corners of the document. *See Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F. 3d 294, 300 (3d Cir. 2002). As mentioned, Plaintiffs allege that they loaned each remaining Defendant ceratin amounts of money, that the loans are now due and owing, and that remaining Defendants have failed and refused to repay the loans. Thus, the Court agrees with Plaintiffs that their amended pleading is more than sufficient.

14

Following consideration of the arguments advanced by all parties, the Court concludes that the Plaintiffs' Amended Complaint is not vague and ambiguous and that moving Defendants can reasonably be required to frame a responsive pleading.  Therefore, the alternative Motions for More Definite Statement filed by moving Defendants will be denied.[8]

>    3.  *Motion to Dismiss of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC (Doc. 19) based on the Modification Agreement*

Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC contend that Plaintiffs' Amended Complaint fails to state a claim because of the

---

[8]Plaintiffs also allege that Defendant Yankowski and Defendant companies  have been unjustly enriched in the total amount of $5,448,499. (Doc. 13, p.p. 13-14, ¶ 50.).

In *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989 (3d Cir. 1987), the Court stated that "[u]nder Pennsylvania law, 'the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract.'" *Hershey Foods*, 828 F.2d at 999 *quoting Benefit Trust Life Ins. Co. v. Union Nat. Bank*, 776 F.2d 1174 (3d Cir. 1985)(*quoting Schott v. Westinghouse*, [436 Pa. 279 (1959)]. This remedy is available when the contract is implied in law and not an actual contract. *Hershey*, 828 F.2d at 998 (citations omitted).

"An action brought on a theory of *quantum merit* sounds in restitution...and to sustain a claim of unjust enrichment, the claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Hershey*, 828 F.2d at 999.

Since our Defendants do not concede to the validity of the loans specified in Plaintiffs' Amended Complaint, and they have not yet been conclusively established, the Court will allow Plaintiffs' claims of both express contracts and, in the alternative, of implied contracts to proceed beyond the motion to dismiss stage.  *See 18 KT.TV, LLC v. Entest Biomedical, Inc.*, 2011 WL 5374515, *5 (M.D. Pa. 11-7-11)(citations omitted).

Modification Agreement, entered between Ronald R. Heurlin and Tanya E. Heurlin, and Steven Yankowski on February 4, 2009, provided the only remedy for the Heurlins, as lenders, in the event of a default by Yankowski.  As mentioned, Defendants attached a copy of the Modification Agreement to their Motion, Doc. 19, Ex. 1, and they state that it restricted Plaintiffs' remedies and provided that the Heurlins' "only remedy will be to take the collaterized (sic) properties and the encumbered stocks of TRS, LLC and Waverly Commons, LLC, with no other recourse or action." (Doc. 22, p. 3).  Thus, Defendants argue that Plaintiffs' remedies are limited to those specifically provided for in the Modification Agreement, and that Plaintiffs are not entitled to bring the present action seeking money damages.  Defendants also contend that Defendant Yankowski already offered to tender the collaterized properties to Plaintiffs by deeds in Lieu of Foreclosure and to tender the encumbered stocks of TRS, LLC and Waverly Commons, LLC, to Plaintiffs in satisfaction of the Modification Agreement.  Defendants maintain that Plaintiffs are not entitled to any other relief, and that Plaintiffs' Amended Complaint must be dismissed since all of their contract rights are wholly controlled by the Modification Agreement.  (*Id.*, pp. 3-4).

Defendants state that the Court can consider the Modification Agreement they submitted with their Motion to Dismiss since it is referred to in Plaintiffs' Amended Complaint, and since it is part of the agreements and understandings between the parties which are alleged in the Amended Complaint.  Defendants also state that while Plaintiffs allege Defendant Yankowski failed to repay money owed to them under the loans, Plaintiffs do not allege that Defendant Yankowski breached the Modification Agreement.  Defendants further maintain that Plaintiffs would only have an action if Defendant Yankowski breached the Modification Agreement, but they state that

Defendant Yankowski is ready to perform all actions necessary under the Agreement to transfer the stated assets to Plaintiffs.  Defendants argue that Plaintiffs must be limited to the clear remedies provided for in the Modification Agreement.

Defendants point out that in Plaintiffs' Amended Complaint, Plaintiffs allege that Defendants failed to pay the money owed to them under various loans.  As mentioned, Defendants state it is significant that Plaintiffs do not allege that Defendant Yankowski breached the Modification Agreement.  Defendants state that the Modification Agreement does not provide for Plaintiffs to file an action against them for money damages due to a breach of the loans.  Rather, Defendants contend that Plaintiff is only entitled to real estate and stock in the companies specified in the Modification Agreement that own other real estate.  Defendants cite to *Doe v. U.S.*, 513 F. 3d 1348, 1355 (3d Cir. 2008), for the proposition that "if a contract provides for its own dispute resolution procedure, then this Court may not grant Plaintiff relief for breach of contract." (Doc. 22, p. 5).

Finally, Defendants state that the language in the Modification Agreement is clear and unambiguous, and as such, Plaintiffs' only remedy is that specified in the Modification Agreement, which does not include a suit for money damages.  Defendants contend that Plaintiffs' sole remedy is to request that Defendants comply with the terms of the Modification Agreement, and for Defendants to take all necessary actions to transfer the assets set forth in the Agreement to Plaintiffs.

Plaintiffs argue that the Modification Agreement should not be considered by the Court in deciding Defendants' Motion to Dismiss since they contest its validity and scope, and seek the Court to declare it is null and void. Plaintiffs argue that since the Modification Agreement is

contested, they are entitled to discovery regarding their claims and that Defendants' contention in their Rule 12(b)(6) Motion based on the Agreement is properly suited for a summary judgment motion after discovery.

The Court can convert a Motion to Dismiss to one for Summary Judgment only after notice to the parties and an allowance of time to submit evidence. *See Breeland v. Baker*, 2011 WL 3099904, *1 (3d Cir. 7-26-11)(Per Curiam)("Before converting a motion to dismiss into one for summary judgment, district courts must provide notice and an opportunity to present evidence."(citation omitted). The Court finds that Plaintiffs did not have sufficient notice that Defendants' Motion to Dismiss would be converted into one for summary judgment pursuant to Rule 12(d). Also, Plaintiffs have not submitted any evidence outside of their amended pleading in opposition to Defendants' Motion to Dismiss. Thus, the Court will not convert Defendants' Motion to Dismiss (Doc. 19) to one for Summary Judgment.[9]

The Court agrees with Plaintiffs that Defendants' Motion to Dismiss (Doc. 19) should not be granted at this stage of the case since Plaintiffs' Amended Complaint clearly and sufficiently states "facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Twombly*, 550 U.S. at 556 n. 3; *Lyco Better Homes, Inc. v. Range Resources-Appalachia,*

---

[9]It does not appear that any discovery has commenced in this case. To the extent that Defendants have submitted evidence with their Motion, namely the Modification Agreement, Doc. 19, Ex. 1, and argue that the Agreement limits Plaintiffs' remedies and bars Plaintiffs' present action, Defendants will have the opportunity to re-submit any evidence they have with a summary judgment motion after discovery has ended.

Also, since all dispositive motions will be resolved in the present case, the Court will conduct a joint case management conference and will issue a scheduling order setting case deadlines after remaining Defendants file their Answers to Plaintiffs' Amended Complaint.

*LLC*, Civil No. 09-0249, M.D. Pa., 5-21-09 Memorandum, slip op. pp. 2-4.

Thus, as noted above, the Court finds that it is premature to decide, without discovery, whether the Modification Agreement bars the Heurlin Plaintiffs' claims in the present case and limits their remedies to those specified in the Agreement. Also, as stated, in their Amended Complaint, the Heurlin Plaintiffs seek declaratory judgment that the Modification Agreement is null and void due to alleged fraudulent misrepresentation of Defendant Yankowski.

### 4. Fraud Claim against Defendant Yankowski

In Count II, as stated, Plaintiffs only assert a common law fraud claim against Defendant Yankowski. (Doc. 13, pp. 14-16). Defendants argue that Plaintiffs' Amended Complaint fails to allege all of the required elements of a civil fraud claim. (Doc. 22, pp. 8-9).

In *Aubrey v. Sanders*, 346 Fed.Appx. 847, 849 (3d Cir. 2009), the Third Circuit stated:

> Under Pennsylvania's common law, the elements of an intentional misrepresentation or fraud are:
>
> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Gibbs v. Ernst,* 538 Pa. 193, 647 A.2d 882, 889 (1994).

Based on the above detailed discussion of Plaintiffs' allegations, the Court agrees entirely with Plaintiffs and finds that they have sufficiently stated a common law fraud claim against Defendant Yankowski in their Amended Complaint. (Doc. 25, pp. 13-15). As Plaintiffs state, they clearly allege that they reasonably relied, repeatedly, upon Defendant Yankowski's misrepresentations, and they allege how they relied upon these misrepresentations. (Doc. 13, pp.

14-16).   Further, as Plaintiffs state, "[they] allege that they made the loans to Yankowski based on his representations as to the loan to value ratio (80%) of the property or properties mortgaged to secure the loans and that the mortgages would have a first priority position."  (Doc. 25, p. 14).

Thus, the Court shall deny Defendants' Doc. 19 Motion to Dismiss the common law fraud claim against Defendant Yankowski, Count II of the Amended Complaint, Doc. 13.

Accordingly, the Court will deny Defendant Cole's Motion to Dismiss **(Doc. 18)** pursuant to Rule 12(b)(6) and Motion for a More Definite Statement pursuant to Rule 12(e).  The Court will grant, in part, the Rule 12(b)(6) Motion to Dismiss **(Doc. 19)** of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC, with respect to only Defendant Thornhurst Properties, LLC, and it will dismiss this Defendant with prejudice.  The Court will deny the Rule 12(b)(6) Motion to Dismiss **(Doc. 19)** of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC, with respect to all

other Defendants, and it will deny Defendants' Motion for a More Definite Statement pursuant to Rule 12(e).

An appropriate Order will be issued.[10]


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 3, 2012**

---

[10]The Court makes no finding at this time as to whether the Modification Agreement bars Plaintiffs' action.  Rather, as noted above, Defendants can re-assert this argument after discovery in a summary judgment motion.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD R. HEURLIN and            :
TANYA E. HEURLIN,                :
                                 :       CIVIL ACTION NO. **3:CV-11-0770**
                                 :
        Plaintiffs,              :
                                 :
        v.                       :       Magistrate Judge Blewitt
                                 :
STEVEN YANKOWSKI, ind. and t/a   :
THORNHURST PROPERTIES, LLC, *et al.*,  :
                                 :
        Defendants

**ORDER**

**AND NOW, this 3rd day of February, 2012, IT IS HEREBY ORDERED THAT:**

1. Defendant Cole's Motion to Dismiss **(Doc. 18)** pursuant to Rule 12(b)(6) and Motion for a More Definite Statement pursuant to Rule 12(e) is **DENIED**.

2. The Rule 12(b)(6) Motion to Dismiss **(Doc. 19)** of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC, is **GRANTED, in part,** with respect to only Defendant Thornhurst Properties, LLC, and Defendant Thornhurst Properties, LLC, is dismissed with prejudice.

3. The Rule 12(b)(6) Motion to Dismiss **(Doc. 19)** of Defendants Steven Yankowski, Thornhurst Properties, LLC, Premier Equity Management Services, Ltd., Premier Equity Scranton, LLC, Atlantic Acquisition Group, Inc., and Premier Equity Mount Cobb, LLC, with respect to all

Defendants, except for Defendant Thornhurst Properties, LLC, and the Motion for a More Definite

Statement pursuant to Rule 12(e) is **DENIED**.

    4.  **IT IS ALSO ORDERED** THAT all remaining Defendants file their Answers to Plaintiffs'

Amended Complaint (Doc. 13) within **ten (10) days** of the date of this Order.


                      **s/ Thomas M. Blewitt**
                      **THOMAS M. BLEWITT**
                      **United States Magistrate Judge**

**Dated: February 3, 2012**